IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>SILVERADO MENOMONEE FALLS, LLC )<br>D/B/A/ SILVERADO OAK VILLAGE AND )<br>SILVERADO SENIOR LIVING, INC.,  )<br>Defendants.  )<br>_____ ) | Civil Action No: 2:17-cv-1147<br><br>**C O M P L A I N T**<br><br><u>JURY TRIAL DEMAND</u> |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex and pregnancy and to provide appropriate relief to Shaquena Burton. As alleged with greater particularity below, EEOC alleges that Defendants Silverado Menomonee Falls, LLC d/b/a Silverado Oak Village and Silverado Senior Living, Inc. (collectively, "Defendants" or "Silverado Oak Village") failed to accommodate Ms. Burton's pregnancy-related medical restrictions, which resulted in her termination, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act ("PDA"), 42 U.S.C.S. §§ 2000e(k) and 2000e-2(a)(1).

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

1

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Wisconsin.

PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission" or "EEOC"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Silverado Menomonee Falls, LLC d/b/a Silverado Oak Village, a limited liability company, has continuously been doing business as a hospice care and memory center nursing home in the State of Wisconsin and the City of Menomonee Falls, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Silverado Menomonee Falls, LLC d/b/a Silverado Oak Village has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6. At all relevant times, Defendant Silverado Senior Living, Inc., a corporation, has continuously been doing business in the State of Wisconsin and the City of Menomonee Falls, and has continuously had at least 15 employees.

7. At all relevant times, Defendant Silverado Senior Living, Inc. has acted as "home office" for Silverado Oak Village and other nursing homes, and has provided human resource services to Silverado Oak Village. Silverado Senior Living, Inc. has maintained and implemented policies and practices regarding accommodations for workers temporarily unable to perform work and has directed decisions about whether accommodations may be given to workers at Silverado Oak Village. Silverado Senior Living, Inc. was involved in the decision to

deny the accommodation request of Burton. It was also involved in the decisions to grant accommodations to workers at Silverado Oak Village on workers' compensation who were similar to Burton in their ability or inability to work.

8. At all relevant times, Defendant Silverado Senior Living, Inc. has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

9. At all relevant times, Defendants Silverado Menomonee Falls, LLC d/b/a Silverado Oak Village and Silverado Senior Living, Inc. operated a nursing home doing business as Silverado Oak Village, located in Menomonee Falls, Wisconsin, and acted as single employer of the workers at Silverado Oak Village.

## ADMINISTRATIVE PROCEDURES

10. More than thirty days prior to the institution of this lawsuit, Shaquena Burton filed a charge with the Commission alleging violations of Title VII, as amended by the PDA, by Silverado Oak Village.

11. On February 8, 2017, the EEOC found reasonable cause to determine that Silverado Oak Village violated Title VII when Silverado Oak Village did not accommodate Charging Party's pregnancy-related medical restrictions and terminated her, and invited Silverado Oak Village to engage with the Commission in informal conciliation efforts to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

12. The Commission engaged in communications with Silverado Oak Village to provide Silverado Oak Village the opportunity to remedy the discriminatory practices described in the Letter of Determination.

13. By letter dated May 17, 2017, the Commission informed Silverado Oak Village that it was unable to secure a conciliation agreement acceptable to the Commission.

14. All conditions precedent to the institution of this lawsuit have been fulfilled.

STATEMENT OF CLAIMS

15. Since at least June 2014, Defendants Silverado Menomonee Falls, LLC d/b/a Silverado Oak Village and Silverado Senior Living, Inc., acting as a single employer of the workers at the Silverado Oak Village facility, have engaged in unlawful employment practices in violation of Title VII, §§ 42 U.S.C. 2000e(k) and 2000e-2(a)(1).

(a) Charging Party Shaquena Burton was pregnant in June 2014.

(b) In June 2014, Ms. Burton worked as a Caregiver at the Silverado Oak Village facility.

(c) On or about June 12, 2014, Ms. Burton provided a doctor's note to Defendants identifying the medical restrictions due to her pregnancy

(d) Ms. Burton sought accommodations for her pregnancy-related medical restrictions.

(e) On or about June 12, 2014, Defendants denied her request for an accommodation because of her sex and pregnancy, and terminated her employment because of her sex and pregnancy.

(f) Within days of Ms. Burton's termination, Defendants granted the accommodation request of a non-pregnant employee working at Silverado Oak Village who was injured on the job and had lifting restrictions. That employee, Ms. Sorrles, was also a Caregiver and was similar in her ability or inability to perform the Caregiver job.

(g)     During the relevant time period, Defendants had a policy or practice of providing light duty work or other accommodations to its employees at the Silverado Oak Village facility who were injured at work, which was a significant percentage of its nonpregnant workers seeking accommodations. These workers were similar in their ability or inability to work to Ms. Burton.

(h)     During the relevant time period, Defendants had a policy or practice of denying light duty work or other accommodations to its pregnant employees at the Silverado Oak Village facility who were not injured on the job.

(i)     During the relevant time period, Defendants used a document called "Temporarily Light Duty Assignments" that identified tasks workers on light duty could perform. Ms. Burton was able to perform the majority of those tasks.

16.     The effect of the practices complained of above in paragraph 15 has been to deprive Shaquena Burton of equal employment opportunities and otherwise adversely affect her status as an employee, because of her sex and pregnancy.

17.     The unlawful employment practices complained of above in paragraph 15 were intentional.

18.     The unlawful employment practices complained of above in paragraph 15 were done with malice or with reckless indifference to the federally protected rights of Shaquena Burton.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practices that violate Title VII, as amended by the PDA;

B. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for pregnant workers and applicants and which eradicate the effects of its past and present unlawful employment practices described in paragraph 15;

C. Order Defendants to make Ms. Burton whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices described in paragraph 15, including but not limited to reinstatement of Ms. Burton or frontpay;

D. Order Defendants to make Ms. Burton whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 15;

E. Order Defendants to make Ms. Burton whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices described in paragraph 15, including but not limited to emotional pain, suffering, loss of enjoyment of life and humiliation, in amounts to be determined at trial;

F. Order Defendants to pay Ms. Burton punitive damages for its malicious and reckless conduct in amounts to be determined at trial;

G. Grant such further relief as the Court deems necessary and proper in the public interest; and

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

        James Lee
        Deputy General Counsel

        Gwendolyn Reams
        Associate General Counsel

        Equal Employment Opportunity
        Commission
        131 M St. NE
        Washington, DC 20507

        Greg Gochanour
        Regional Attorney

        Jean P. Kamp
        Associate Regional Attorney

        s/ Laura R. Feldman
        Laura R. Feldman
        Trial Attorney
        Equal Employment Opportunity
        Commission
        Chicago District Office
        500 W. Madison St.
        Suite 2000
        Chicago, IL 60661
        Laura.Feldman@eeoc.gov
        312-869-8108

        Cesar J. Del Peral
        Senior Trial Attorney
        Equal Employment Opportunity
        Commission
        Milwaukee Area Office
        310 West Wisconsin Ave.
        Milwaukee, WI 53203
        Cesar.Peral@eeoc.gov
        414 297-1114